This suit arises from a contract between plaintiff and the Navy Department for the manufacture and delivery of 180 units of a mobile electric power plant. As a result of redesign and changed work, the contractor cancelled a subcontract for the supply of materials used in the manufacture of the unit, for which *1018 it received from the subcontractor a credit, and reordered different materials from another subcontractor. Plaintiff sought from the Armed Services Board of Contract Appeals an equitable adjustment by reason of the redesign and changed work. In computing the equitable adjustment due plaintiff, the board increased the allowable cost of the materials which replaced the cancelled materials by appropriate material burden and general and administrative (G&A) expense percentages, and allowed the Government a material cancellation credit which included the amount allowed as a credit by the original subcontractor as well as the material expense and G&A expense allocable to the cancelled material. Plaintiff seeks in this suit (Count I) to recover in full the material burden and G&A expense allocable to the cancelled material, as well as to retain that which it was paid on all other relevant material, original or replacement, with no proof of the extent of expense attributable to the change. Plaintiff also claims delay costs on the ground that but for the delays resulting from the change, it would have met its performance schedule and the delay costs it experienced in a later period would have been absorbed in an earlier period. In Count II which incorporates the allegations of Count I, plaintiff alternatively alleges breach of contract, and in Count III plaintiff advances a separate breach claim because of the contracting officer’s refusal to grant plaintiff an equitable adjustment in contract price for the ordered redesign and because of certain occurrences during the administrative proceeding. Commissioner Harry E. Wood in a report dated May 22, 1972, concluded that the administrative board was correct in holding defendant entitled to a material cancellation credit computed by including sums for material burden and G&A expense, and that lacking any measure of plaintiff’s excess costs due to the cancellation, the board committed no error in its determination of the amount due plaintiff for redesign and changed work. Plaintiff failed to demonstrate any basis to overturn the board’s decision denying plaintiff’s “loss of burden” caused by the constructive redesign change, and such decision is entitled to finality under Wunderlich Act criteria. Commissioner Wood also concluded that Counts II and III should be dismissed. Upon considera *1019 tion of plaintiff’s request for review by the court of the commissioner’s report, opinion and recommended conclusion, and on plaintiff’s and defendant’s motions for summary judgment, having been submitted on the briefs of the parties and oral argument of counsel, the court agrees with the commissioner’s opinion and recommended conclusion, and adopts the same as the basis for its judgment in this case. On November 13,1972, by order, the court denied plaintiff’s motion for summary judgment, granted defendant’s cross-motion, and dismissed the petition.